**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dorothy Riordan,<br><br>        Plaintiff,<br><br>vs.<br><br>Jaburg & Wilk, P.C.,<br><br>        Defendant. | No. CV 09-02028-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is Defendant Jaburg & Wilk, P.C.'s ("Defendant") Motion to Dismiss Plaintiff Dorothy Riordan's ("Plaintiff") Amended Complaint, which alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). (Doc. 18). After reviewing the pleadings and concluding that oral argument is unnecessary, the Court issues the following Order.

## I.    BACKGROUND

Plaintiff is an individual consumer residing in Maricopa County. (Doc. 16). Defendant is a law firm engaged in the business of collecting debts for its clients. (Id.). Multiple times prior to filing the instant complaint, Defendant contacted Plaintiff in an attempt to collect an outstanding debt. (Id.). On October 10, 2008, Defendant obtained a state court judgment against Plaintiff ("the Judgement") in favor of its client, Wells Fargo Bank, N.A. (Id.). After the Judgement was not paid, on or about December 18, 2008, Defendant issued a writ of garnishment to Plaintiff's bank in an attempt to collect the

Judgement. (Doc. 18). On or about December 26, 2008, Plaintiff's bank reported that it possessed an account for Plaintiff that held $1,051.94, and the funds were being withheld pursuant to the writ of garnishment. (Id.). At or near the same time, Plaintiff notified Defendant that the source of the garnished funds was from unemployment/social security benefits, and thus were statutorily exempt from garnishment. (Id.). As a result, on or about January 6, 2009, Defendant quashed the writ of garnishment. (Id.).

Following Defendant's dismissal of the garnishment action, in January 2009, the parties entered into a settlement agreement and payment plan in which Plaintiff agreed to make monthly payments on the Judgement. (Doc. 18). Plaintiff made two monthly payments on the Judgement, on January 26, 2009, and March 3, 2009. (Id.). Plaintiff made no additional payments. (Id.).

Accordingly, on or about April 22, 2009, Defendant issued a second writ of garnishment on the same account in Plaintiff's bank. (Id.). On or about May 8, 2009, Plaintiff's bank notified Defendant that the account did not have any funds, and the bank did not possess any monies or property of Plaintiff. (Id.). Therefore, on or about May 13, 2009, Defendant quashed the second writ of garnishment. (Id.). Thereafter, Plaintiff made two more monthly payments on the Judgment, on May 13, 2009, and June 2, 2009. (Id.). Plaintiff made no additional payments. (Id.).

Accordingly, on July 22, 2009, Defendant issued a third writ of garnishment on the same account in Plaintiff's bank. (Id.). On or about July 31, 2009, Plaintiff's bank notified Defendant that the account did not have any funds, and the bank did not possess any monies or property of Plaintiff. (Id.). Therefore, on August 4, 2009, Defendant quashed the third writ of garnishment. (Id.).

In January 2010, Defendant served Plaintiff with a subpoena for documents evidencing Plaintiff's finances. (Doc. 16). The subpoena requested documents specific to records reflecting income received by Plaintiff for the past year, copies of financial statements and balance sheets prepared for Plaintiff for the past year, and finally, records of

all bank accounts, savings and loan, credit union or other depository accounts in which Plaintiff or spouse has had any interest for the past year. (Id.).

Plaintiff filed her original Complaint on September 28, 2009, alleging that Defendant's three garnishments of her bank account violated the FDCPA and her right to privacy. (Doc. 1). Plaintiff filed the Amended Complaint on February 23, 2010, which made similar allegations against Defendant. (Doc. 16). Defendant filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on February 25, 2010, which is the subject of the instant Order. (Doc. 18).

## II. LEGAL STANDARD

Under Fed.R.Civ.P. 8(a)(2), Plaintiff's Complaint must set forth a short and plain statement of the claim showing that Plaintiff is entitled to relief, and giving Defendant fair notice of what the claim is and the grounds upon which it rests. To survive a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), Plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Compare Wyler Summit P'shp. v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998) ("[A]ll well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party" with Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) ("[T]he court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.").

## III. DISCUSSION

Plaintiff alleges that Defendant's three garnishments were unfair and unconscionable and thereby violate the FDCPA because Defendant, in violation of Arizona law: (1) did not have good reason to believe that Plaintiff's bank was indebted to Plaintiff for monies which were not earnings; (2) did not have good reason to believe that Plaintiff's bank was holding nonexempt monies on behalf of Plaintiff; and (3) did not have good reason to believe that Plaintiff's bank had in its possession nonexempt personal property belonging to Plaintiff." (Doc. 16, pp. 5-6). Furthermore, Plaintiff alleges that Defendant did not "comply with notice requirements, particular to Arizona garnishment procedure, imposed upon it by Arizona law." (Id.) Plaintiff alleges that such conduct constitutes the use of "unfair or unconscionable" means to collect or attempt to collect a debt in violation of the FDCPA. (Id.).

**A.  The Fair Debt Collection Practices Act**

The FDCPA was enacted in 1977 to regulate and prohibit a variety of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692, *et seq.* The FDCPA's purpose is, "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices. The FDCPA was designed to protect consumers from unscrupulous collectors, whether or not a valid debt exists, by broadly prohibiting unfair or unconscionable collection methods, conduct which harasses, oppresses, or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982); Heintz

v. Jenkins, 514 U.S. 291, 292-93 (1995).  The remedial nature of the FDCPA requires that courts interpret it liberally.  Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1176 (9th Cir. 2006).

The FDCPA provides, in part, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  The FDCPA does not define "unfair" nor "unconscionable," but it does enumerate several practices that are disapproved by the statute.  Id.  The FDCPA lists eight specific violations "without limiting the general application" of the statute.  Id.  As such, the listing of the eight specific violations was not intended to limit the applicability of the general prohibition of "unfair or unconscionable" behavior.  McMillan v. Collection Professionals Inc., 455 F.3d 754, 763-64 (7th Cir. 2006).  The concept of unfairness is broadly construed to preclude practices that offend public policy, are immoral or oppressive, or cause substantial injury.  F.T.C. v. Sperry & Hutchinson Co., 405 U.S. 233, 244 (1972).[1]  The concept of unconscionability is similarly vague and varies by jurisdiction, with Williston generally portraying the concept as, "circumstances [which] indicate a vast disparity of bargaining power coupled with terms unreasonably favorable to the stronger party."  8 Williston on Contracts § 18:11 (4th ed.).

**B.**     **Plaintiff Fails to State a Claim that Defendant's Three Garnishments Violate the FDCPA**

First, Defendant contends that the Amended Complaint fails as a matter of law because it does not allege which of the eight subsections of § 1692f Defendant violated. (Doc. 18, pp. 6-7).  However, Plaintiff need not allege one of the specific violations listed

---

[1] Sperry & Hutchinson Co. upholds the Federal Trade Commission's practice of determining whether trading conduct is "unfair," regardless of whether the conduct is a violation of the antitrust laws, by balancing factors such as: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers (or competitors or other businessmen).

in § 1692f.  The FDCPA must be construed broadly, and in keeping with its remedial nature, the examples of violations listed in § 1692f are not intended to limit the applicability of the general prohibition of "unfair or unconscionable" behavior.  See McMillan, 455 F.3d at 763-64.  Accordingly, Plaintiff's failure to allege one of the specific violations listed in § 1692f does not cause the Amended Complaint to fail as a matter of law.

Plaintiff also alleges that Defendant's conduct surrounding the three garnishments "violated Arizona law."  (Doc. 16, p. 6).  Although the Amended Complaint fails to cite which provision of Arizona law Defendant allegedly violated, it is clear from the Parties' briefs that Plaintiff was referring to A.R.S. § 12-1572, which provides in part:

> A writ of garnishment shall be issued pursuant to this article after the judgment creditor or a person in his behalf makes an application in writing. The application shall contain the following:
> ...
> 2. A statement that the applicant has good reason to believe **one** of the following:
> (a) That the garnishee is indebted to the judgment debtor for monies which are not earnings.
> (b) That the garnishee is holding nonexempt monies on behalf of the judgment debtor.
> (c) That the garnishee has in his possession nonexempt personal property belonging to the judgment debtor.
> (d) That the garnishee is a corporation and the judgment debtor is the owner of shares in such corporation, or has a proprietary interest in the corporation.

A.R.S. § 12-1572(2) (emphasis added). (Docs. 17, 19).  As such, prior to applying for a writ of garnishment, Defendant only needs to submit a written statement and reasonably believe that **one** of the conditions (a)-(d) is true.  The requirement that a creditor attest that a garnishee bank or judgement debtor is not entitled to any statutory exemption prior to seeking a writ of garnishment exists to decrease the chance that a wrongful garnishment will occur.  "Imposing the duty upon creditors to verify the nonexempt status of funds in an account provides considerable beneficiary protection, exceeded only by first-class state laws requiring banks to prevent freezes on certain levels of exempt funds." Allen C. Myers, Note, *Untangling the Safety Net: Protecting Federal Benefits from Freezes, Fees, and Garnishment*, 66 Wash. & Lee L. Rev. 371, n. 104 (2009) (citing A.R.S. § 12-1572).

1    Defendant issued written statements with each of its three applications for writs of

2    garnishment certifying that it had a reasonable belief that Plaintiff was indebted to it for

3    monies which are not earnings.[2] (Doc. 18). Plaintiff never claims that Defendant failed to

4    issue the aforementioned written statements. (See Doc. 17). As such, there appears to be no

5    dispute in the pleadings that Defendant satisfied the procedural aspect of A.R.S. § 12-

6    1572(2). Instead, Plaintiff appears to claim a violation of the substantive aspect of the

7    Arizona garnishment law, alleging that even though Defendant attested to its reasonable

8    belief in a written statement, it in fact did not have "good reason to believe" that one of the

9    A.R.S. § 12-1572(2) conditions was satisfied before applying for a writ of garnishment.

10   (Doc. 16, pp. 3-5). Given the broad construction of "unfair or unconscionable" behavior

11   prohibited by the FDCPA, see McMillan, 455 F.3d at 763-64, it is foreseeable that

12   Defendant's alleged violations of the Arizona garnishment statute could constitute conduct

13   in violation of 15 U.S.C. § 1692f.

14       The Amended Complaint, however, must also contain sufficient factual matter,

15   accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at

16   1949. Thus, in order to survive a dismissal motion, Plaintiff's Complaint must allege facts

17   which allow this Court to conclude that it is plausible Defendant knowingly garnished

18   exempt funds from Plaintiff's bank account without a reasonable belief that one of the four

19   A.R.S. § 12-1572(2) conditions was true. The only factual matter that Plaintiff alleges to

20   support her claim is that in January 2010, Defendant, for the first time, served Plaintiff with

21   a subpoena for her financial records from the past year. (Doc. 16, p. 5). One possible

22   implication of this fact is that without the financial information requested in the subpoena,

23

24       [2] The Court "may take judicial notice of matters of public record" and consider them
25   without converting a Rule 12 motion into one for summary judgement as long as the facts
     noticed are not "subject to reasonable dispute." Intri-Plex Technologies, Inc. v. Crest Group,
26   Inc., 499 F.3d 1048, 1052 (9th Cir. 2007); Lee v. City of Los Angeles, 250 F.3d 668, 688
     (9th Cir. 2001); FED.R.EVID 201. Defendant's three writs of garnishment issued by the
27   Maricopa County Superior Court are a matter of public record and may be referenced without
28   converting Defendant's Motion to Dismiss into one for summary judgement.

Defendant could not have known about the contents of Plaintiff's bank account and, therefore, was incapable of reasonably believing that one of the A.R.S. § 12-1572(2) conditions was satisfied when it applied for garnishment. (Doc. 16, p. 5; Doc. 17, pp. 15-16). Plaintiff's Complaint, however, does not make any such assertion. Nor does Plaintiff's Complaint allege that Defendant was without other recourse to locate or did not possess other information from which it might form a reasonable belief that Plaintiff's bank account contained funds subject to garnishment. Additionally, taking the allegations in the Complaint as true, Plaintiff did inform Defendant after the first garnishment that the funds in her account were statutorily exempt. However, Plaintiff does not allege that she informed Defendant that the bank account in question only and always contained monies derived from exempt sources.[3] And, at no time prior to the second and third garnishments does it appear Plaintiff told Defendant that the account, four and seven months after the first garnishment, still contained statutorily exempt funds. Without such information, it is difficult for the Court to presume that Defendant was on notice, by Plaintiff or otherwise, that the account still contained funds exempt from garnishment. In short, the fact that Defendant subpoenaed Plaintiff's bank records after quashing three subpoenas certainly invites speculation that Defendant did not have the requisite reasonable belief, but without more this Court cannot conclude that such a theory is plausible. See Twombly, 550 U.S. at 555 (stating that a complaint must raise a plaintiff's right to relief above the "above the speculative level.").

_____

[3] The Court notes that this case is in stark contrast to Hogue v. Palisades Collection, LLC, 494 F.Supp.2d 1043, 1052 (S.D. Iowa 2007), in which a District of Iowa court denied Defendant's Rule 12(b)(6) Motion to Dismiss in a similar FDCPA case. In Hogue, a collection agent sought to enforce a default judgment against Hogue by initiating garnishment proceedings against Hogue's bank account despite being "fully aware" that Hogue's only source of income was exempt social security benefits. Id. at 1045-46. Prior to the initiation of garnishment proceedings, Hogue's counsel informed the collection agent that Hogue's income was exempt from collection, having provided the collection agent with a sworn affidavit stating the sole source of the funds in Hogue's bank account was social-security benefits. Id. at 1045.

- 8 -

Without alleging more facts, the Amended Complaint is a mere "threadbare recital" of an FDCPA cause of action, supported only by conclusory statements about Defendant's lack of a reasonable belief as to the truth of one of the A.R.S. § 12-1572(2) conditions prior to garnishment. See Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. As such, this portion of the Amended Complaint is dismissed pursuant to FED.R.CIV.P. 12(b)(6). Because, however, the Court finds that Plaintiff may be able to address the factual deficiencies in her Complaint, it will dismiss with leave to amend as to these allegations.

**C.     Plaintiff Fails to State a Claim that Defendant Violated the Notice Requirements of A.R.S. § 12-1574**

Plaintiff also alleges that Defendant failed to comply with the notice requirements, particular to Arizona garnishment, imposed upon it by Arizona law. (Doc. 16, p. 6). Plaintiff alleges that Defendant, by failing to comply with the notice requirements, committed unfair and unconscionable conduct in violation of 15 U.S.C. § 1692f of the FDCPA. Although the Amended Complaint does not refer to a specific Arizona law which requires creditors to notice judgment debtors of an impending garnishment action, the Parties' briefs make clear that Plaintiff was referring to A.R.S. § 12-1574, which reads:

> C. The **judgment creditor**, in the manner required for a summons by rules of the court in civil matters, shall serve on the **garnishee** two copies of the summons and writ of garnishment, a copy of the underlying judgment, four copies of the answer form, two copies of the notice to judgment debtor and request for hearing form and one copy of the instructions to garnishee provided for in section 12-1596.
>
> D. Within three days, not including weekends and holidays, the **garnishee** shall deliver to the **judgment debtor** a copy of the summons and writ of garnishment, a copy of the underlying judgment and the notice to judgment debtor and request for hearing form.

A.R.S. § 12-1574(C), (D) (emphasis added). This statute makes clear that the judgement creditor [Defendant] had an obligation to serve notice on the garnishee [bank], and the garnishee [bank] then had an obligation to serve notice upon the judgement debtor [Plaintiff]. No logical reading of this statute would impose a duty upon Defendant to serve notice directly upon Plaintiff. Even in a Motion to Dismiss, the Court need not take as truthful

conclusory allegations or misstatements of the law by the non-moving party. See <u>Spreewell</u>, 266 F.3d at 988.  Hence, based on the correct interpretation of the notice requirements particular to Arizona law and the facts of the instant case, there can be no unfair or unconscionable conduct in violation of the FDCPA.

      **D.**      **Plaintiff Fails to State a Claim that Defendant Violated Her Right to Privacy**

      Finally, Plaintiff's general claim that Defendant's garnishments violated her right to privacy are unfounded.  There is no right to privacy contained in the FDCPA, and Plaintiff fails to sufficiently articulate how a lawful garnishment could, in any situation, give rise to a claim for violating her right to privacy.

      **Accordingly,**

      **IT IS HEREBY ORDERED** granting Defendant's Motion to Dismiss, with leave to amend.  If she so chooses, Plaintiff is directed to file a an amended complaint no later than after fourteen days after the filing of this Order.  (Doc. 18).

      DATED this 30th day of July, 2010.

_____
Mary H. Murguia
United States District Judge